IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANNY JOSEPH CAREY,            )
                               )
    Plaintiff,                 )
                               )
    vs.                        )    Civil Action No. 13-360E
                               )
CAROLYN W. COLVIN,             )
COMMISSIONER OF SOCIAL SECURITY, )
                               )
    Defendant.                 )

AMBROSE, Senior District Judge

## OPINION
### and
### ORDER OF COURT

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 10 and 11). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9, 12 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (Docket No. 10) and granting Defendant's Motion for Summary Judgment. (Docket No. 11).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed his application for benefits in December of 2010, alleging he had been disabled since April 1, 2005. (Docket No. 7-6, p. 2). Administrative Law Judge ("ALJ"), John Kooser, held a video hearing on June 18, 2012. (Docket No. 7-2, pp. 32-70). On July 24, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 7-2, pp. 20-30). After exhausting all administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 11).

The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B.  **Weight of Evidence**

Plaintiff first argues that the ALJ erred in rejecting the opinion of Dr. Kenneth Chinsky, a one-time consulting examiner. (ECF No. 9, pp. 13-15). Specifically, Plaintiff submits that the ALJ did not give proper weight to Plaintiff's subjective complaints of breathing problems and back pain when considering Dr. Chinsky's limitations of Plaintiff. *Id.* The ALJ did not give Dr. Chinsky's opinion significant weight because it was an "overestimate of the severity of the claimant's functional restrictions." (ECF No. 7-2, p. 26). For example, Dr. Chinsky stated that Plaintiff was limited in lifting, carrying, bending, kneeling and stooping, but the ALJ found these limitations to be inconsistent with the medical and non-medical evidence and that they were based on subjective allegations[1] rather than medical and non-medical evidence and were internally inconsistent. *Id.* These are appropriate reasons for giving an opinion little weight. *Plummer,* 186 F.3d at 429; 20 C.F.R. § 404.1527 and § 416.927 (discussing the evaluation of

---

[1] "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted).

3

medical opinions). Upon review of the record, I find the ALJ's opinion is supported by substantial evidence. *See,* e.g. ECF No. 7-3, pp. 19-24. Therefore, remand is not warranted on this basis.[2]

### C. <u>Credibility</u>

Plaintiff next argues that the ALJ erred in failing to properly evaluate the Plaintiff's credibility by mischaracterizing Plaintiff's activities of daily living. (ECF No. 9, pp. 16-19; No. 13, pp. 3-4). An ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, Plaintiff objects to the ALJ's discrediting of him based on his activities of daily living. (ECF No. 9, pp. 16-19; No. 13, pp. 3-4). Both SSR 96-7p and 20 C.F.R. §416.929 deal with assessing the credibility of an individual's statements. Therein it states that, when assessing credibility, an ALJ is required to look at the entire record as a whole, including an individual's daily activities and work history. The ALJ in this case did not discredit Plaintiff based solely on his activities of daily living. Rather, the ALJ discredited Plaintiff for a variety of reasons. (ECF No. 7-2, p. 28).

---

[2] In his Brief and Reply Brief, Plaintiff argues on this point that "credible evidence supported the opinion of" Dr. Chinsky. (ECF No. 13, pp. 1-3; No. 9, p. 16). Whether this is a true statement is irrelevant because the standard is not whether there is evidence that supports the opinion of Dr. Chinsky but, rather, whether there is substantial evidence of record to support the ALJ's findings as set forth above. Thus, I find this argument unavailing.

> [A]lthough the claimant testified that he could not work due to chronic obstructive pulmonary disease and mental health impairments; the medical evidence of record does not support this. During the relevant period at issue, the claimant has received no treatment for his chronic obstructive pulmonary disease or for his mental health impairments. Physical and mental examinations findings were essentially normal and unremarkable. The claimant only took over the counter medications for pain complaints and no medication for his mental health impairments. The claimant last used an inhaler for his breath five or six years ago, and that he continues to smoke. Moreover, the claimant was able to perform a wide range of activities of daily living, such as taking care of his personal needs, performing household chores, grocery shopping and cooking. He testified at the hearing that he would sometimes go out with his friends to the creek and fish.

*Id.* Thus, Plaintiff's activities of daily living were just one of a number of factors the ALJ considered in assessing Plaintiff's credibility.

Plaintiff suggests that to be disabled does not mean that he must vegetate in a dark room excluded from society. (ECF No. 9, p. 17; No. 13, pp. 3-4). I agree with Plaintiff that to be disabled does not mean that he must be shut off from society. Nonetheless, an ALJ is required to review and determine the credibility of statements in deciding the intensity and persistence of symptoms. 20 C.F.R. §416.929. After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 7-2, p. 28). Based on the same, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §§ 416.929 and SSR 96-7p and based on the entire record as a whole there was sufficient evidence to support the ALJ's conclusion. Consequently, I find the ALJ's opinion was supported by substantial evidence. Therefore, I find no error in this regard.

### D. **Vocational Expert ("VE")**

Plaintiff's final argument is that because the VE's responses were inadequate, the ALJ's reliance on them cannot constitute substantial evidence. (ECF No. 9, pp. 19-23; No. 13, pp. 4-5). Specifically, Plaintiff argues that the VE's responses were broad, non-descript and non-detailed as to what jobs could be performed in the national economy given the limitations described by the ALJ. *Id.* He submits that the VE merely stated the job names of cleaner,

packer and sorter, and mail clerk and stock clerk but did not provide the specific Dictionary of Occupational Title ("DOT") codes and did not provide the numbers of jobs available in Plaintiff's region. *Id.* at p. 21. As a result, Plaintiff reasons, the ALJ's reliance on the same is flawed and remand is warranted. After a careful review, however, I disagree.

In this case, the ALJ specifically asked the VE if there were any jobs that an individual with Plaintiff's exertional and non-exertional limitations could perform. (ECF No. 7-2, p. 66-68). The VE responded that jobs exist (cleaner, packer and sorter and mail clerk, stock clerk and sorter) and that they are in significant numbers nationally. (ECF No. 7-2, pp. 66-67). Additionally, at the hearing the ALJ directly asked the VE if her testimony was consistent with the information found in the DOT. (ECF No. 7-2, p. 69). The VE responded that it was. *Id.* At no time at the hearing did Plaintiff or his counsel challenge the VE on this point or raise any issue with the VE's testimony. (ECF No. 7-2, pp. 64-70). Furthermore, the ALJ determined that the VE's testimony was consistent with the DOT. (ECF No. 7-2, p. 29). I find the ALJ's questioning to be proper and the VE's responses to be adequate. More specific responses were not required, nor were DOT codes required. Furthermore, the standard is whether the jobs exist in the national economy and, thus, I find no error in failing to discuss the number of jobs in the region. 20 C.F.R. §§416.912(f) and 416.960(c). Therefore, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANNY JOSEPH CAREY,  )
    )
    Plaintiff,  )
    )
    vs.  )    Civil Action No. 13-360E
    )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
    )
    Defendant.  )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 12th day of January, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No 10) denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                BY THE COURT:

                s/ Donetta W. Ambrose
                   Donetta W. Ambrose
                   United States Senior District Judge